®JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
RENEE HADDOCK

## DEFENDANTS
MIDLAND CREDIT MANAGEMENT

**(b)** County of Residence of First Listed Plaintiff   **Philadelphia**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   **Norfolk**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Amy L. Bennecoff Ginsburg, Esq., Kimmel & Silverman, PC,
30 E. Butler Ave., Ambler, PA, 19002, (215)540-8888

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government
　　　Plaintiff

☐ 2  U.S. Government
　　　Defendant

☒ 3  Federal Question
　　　(U.S. Government Not a Party)

☐ 4  Diversity
　　　(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)　　　　　　　　　　　and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | 　　　Med. Malpractice | ☐ 625 Drug Related Seizure | 　　　28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | 　　　Liability | ☐ 365 Personal Injury - | 　　　of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | 　　　Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| 　　& Enforcement of Judgment | 　　　Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | 　　　Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | 　　　Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | 　　　Liability | 　　　Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| 　　　Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | 　　　Safety/Health | | ☐ 490 Cable/Sat TV |
| 　　　(Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | 　　　Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| 　　　of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | 　　　Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | 　　　Property Damage | 　　　Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | 　　　Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 　　　12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | 　　　Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | 　　　Injury | | 　　　& Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | 　　　Sentence | ☐ 791 Empl. Ret. Inc. | 　　　or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | 　　　Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | 　　　Accommodations | ☐ 530 General | | 　　　26 USC 7609 | 　　　Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | 　　　Under Equal Access |
| | 　　　Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | 　　　to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | 　　　Alien Detainee | | ☐ 950 Constitutionality of |
| | 　　　Other | | ☐ 465 Other Immigration | | 　　　State Statutes |
| | ☐ 440 Other Civil Rights | | 　　　Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1  Original
　　　Proceeding

☐ 2  Removed from
　　　State Court

☐ 3  Remanded from
　　　Appellate Court

☐ 4  Reinstated or
　　　Reopened

☐ 5  Transferred from
　　　another district
　　　(specify)

☐ 6  Multidistrict
　　　Litigation

☐ 7  Appeal to District
　　　Judge from
　　　Magistrate
　　　Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 1692k et seq

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN
COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S)
IF ANY
(See instructions)

JUDGE

DOCKET NUMBER

DATE
05/05/2016

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #　　　　AMOUNT　　　　APPLYING IFP　　　　JUDGE　　　　MAG. JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## <u>CASE MANAGEMENT TRACK DESIGNATION FORM</u>

| | | |
|---|---|---|
| RENEE HADDOCK | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. |
| MIDLAND CREDIT MANAGEMENT | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                           ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( X )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( )


05/05/2016                                                    Amy L. Bennecoff Ginsburg
Date                        Attorney-at-law                  Attorney for Plaintiff

215-540-8888                215-540-8817                     aginsburg@creditlaw.com
Telephone                   FAX Number                       E-Mail Address


(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __941 Pratt Street, Philadelphia, PA 19124__

Address of Defendant: __8875 Aero Drive, Suite 200, San Diego, CA 92123__

Place of Accident, Incident or Transaction: _____

(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes ☐  No ☒

Does this case involve multidistrict litigation possibilities?  Yes ☐  No ☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐  No ☒

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases – 15 U.S.C. §1692 *et seq.*
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
(*Check Appropriate Category*)

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: __05/05/2016__ _____  __202745__
                      Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __05/05/2016__ _____  __202745__
                      Attorney-at-Law              Attorney I.D. #

CIV. 609 (5/2012)

## UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RENEE HADDOCK**, | ) |
| Plaintiff | ) **Case No.:** |
| v. | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| **MIDLAND CREDIT MANAGEMENT , INC.,** | ) **(Unlawful Debt Collection Practices)** |
| Defendant | ) |

## COMPLAINT

RENEE HADDOCK ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"):

## INTRODUCTION

1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*

## JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

- 1 -

3.     Defendant conducts business in the Commonwealth of Pennsylvania, and as such, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

## PARTIES

5.     Plaintiff is a natural person residing in Philadelphia, Pennsylvania 19124.

6.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692 a(3).

7.     Defendant is a national debt collection company with its corporate headquarters located at 5775 Roscoe Court, San Diego, CA 92123.

8.     Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

9.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

10.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.   At all relevant times, Defendant was attempting to collect an alleged

PLAINTIFF'S COMPLAINT

consumer debt from Plaintiff, related to a T-Mobile cellular telephone debt.

12.     Beginning on June 24, 2015, Defendant contacted Plaintiff by calling her landline telephone in its attempts to collect a debt.

13.     Defendant has placed telephone calls to Plaintiff from the phone number (866) 580-4780. The undersigned has confirmed that this phone number belongs to Defendant.

14.     In early July 2015, Plaintiff spoke to Defendant's collectors and told Defendant to stop calling her regarding the alleged debt.

15.     Plaintiff also told Defendant that she would contact Defendant when she could afford to make payments.

16.     Defendant heard and acknowledged her request by responding that they would "make a note of that in the file."

17.     Once Defendant was told the calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place any further calls.

18.     However, Defendant ignored Plaintiff's request to stop the calls and continued to call her at least once per day until the week of December 20 through December 23, 2015.

19.     Furthermore, Defendant contacted Plaintiff's mother in July and August 2015 in its attempts to locate Plaintiff and collect the alleged debt.

20.   Plaintiff's mother told Defendant to stop calling her about the debt but Defendant ignored her request and continued to call three to four more times.

21.   Defendant's communication with Plaintiff's mother caused great embarrassment and emotional distress for Plaintiff.

22.   During these telephone calls with Plaintiff, Defendant's collectors made threats to Plaintiff.

23.   Specifically, Defendant threatened to pursue legal action if Plaintiff did not pay the alleged debt.

24.   However, Defendant has not pursued legal action.

25.   Based upon information and belief, Defendant did not intend to take such actions but made this threat with the intent to scare and coerce payment from Plaintiff.

26.   Defendant's actions as described herein were made with the intent to harass, upset, deceive, and coerce payment from Plaintiff.

### COUNT I
### DEFENDANT VIOLATED §1692b(3) OF THE FDCPA

27.     A debt collector, in its communication with a person other than the consumer for the purpose of acquiring information about the consumer's place of residence, place of employment or phone numbers, violates §1692b(3) by communicating with any such person more than once without request to do so.

28.     Here, Defendant contacted Plaintiff's mother more than once without her authorization or consent during the months of July and August 2015. Defendant continued to call Plaintiff's mother in violation of § 1692b(3) even after requesting that the calls stop.

### COUNT II
### DEFENDANT VIOLATED §1692c(b) OF THE FDCPA

29. A debt collector violates § 1692c(b) by communicating "with anyone except consumer, consumer's attorney, or credit bureau  concerning the debt".

30.     Defendant's conduct, as detailed in the preceding paragraphs, violated § 1692c(b) of the FDCPA by contacting Plaintiff's mother in an attempt to collect the debt.

## COUNT III
## <u>DEFENDANT VIOLATED §1692d OF THE FDCPA</u>

31.     A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt.

32.     Defendant violated §1692d when it placed repeated and harassing telephone calls to Plaintiff..

## COUNT IV
## <u>DEFENDANT VIOLATED §1692d(5) OF THE FDCPA</u>

33.     A debt collector violates §1692 (d)(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

34.     Defendant violated §1692 (d)(5) of the FDCPA when it continued to call Plaintiff on her landline telephone repeatedly after early July when Plaintiff told Defendant to stop calling her, with the intent to annoy, abuse or harass her.

## COUNT V
## <u>DEFENDANT VIOLATED §1692e(5) OF THE FDCPA</u>

32.     A debt collector violates § 1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or is not intended to be taken.

33.   Defendant violated § 1692e(5) by threatening to file a lawsuit or take legal action against Plaintiff if the debt was not paid. Upon information and belief, Defendant made such a threat without intending that any legal action be taken.

## COUNT VI
## DEFENDANT VIOLATED §1692e OF THE FDCPA

34.   A debt collector violates § 1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt.

35.   Defendant violated §1692e by threatening to file a lawsuit or take legal action against Plaintiff if the debt was not paid. Upon information and belief, Defendant made such a threat without intending that any legal action be taken.

## COUNT VII
## DEFENDANT VIOLATED §1692e(10) OF THE FDCPA

36.   A debt collector violates § 1692e(10) of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt.

37.   Defendant violated §1692e(10) by threatening to file a lawsuit or take legal action against Plaintiff if the debt was not paid. Upon information and belief, Defendant made such a threat without intending that any legal action be taken.

WHEREFORE, Plaintiff, RENEE HADDOCK, respectfully prays for judgment as follows:

      a.    All actual damages suffered by Plaintiff pursuant to 15 U.S.C. §1692 (k)(a)(1);

      b.    Statutory damages of $1,000.00 for the violation of the FDCPA

           pursuant to 15 U.S.C. §1692 (k)(a)(2)(A);

      c.    All reasonable attorneys' fees, witness fees, court courts and other

           litigation expenses incurred by Plaintiff pursuant to 15 U.S.C. §1693 (k)(a)(3); and

      d.  Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, RENEE HADDOCK, demands a jury trial in this case.

- 8 -

Respectfully submitted,

Dated: May 5, 2016          By: _____

Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com

PLAINTIFF'S COMPLAINT